**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| Ms. Jane Doe, et al. | |
| Plaintiffs, | Case No. 3:20-cv-458 |
| vs. | Judge: Douglas R. Cole |
| Mechanicsburg School Board of Education, et al. | |
| Defendants. | |

## MOTION FOR PROTECTIVE ORDER

Plaintiffs Jane Doe and John Doe, by and through undersigned counsel, hereby moves this Court for a protective order permitting them to proceed in this matter using a pseudonym and prohibiting the release of their true identity. Given the circumstances of this case, their privacy interests substantially outweigh the presumption of open judicial proceedings. Plaintiffs do not request that their identity be concealed from the Defendants. Accordingly, because no prejudice could be suffered by the Defendants, Plaintiffs ask this Court to grant their motion. A memorandum in support is attached hereto and incorporated herein.

Respectfully submitted,

**/s/ Bradley N. Jeckering**
Bradley Jeckering (0092299)
D. Luke Meenach (0096286)
Jeckering & Associates, LLC
16 S. Main Street
Mechanicsburg, Ohio 43044
P: 937-896-2222
F: 614-515-4905
brad@centralohiolegal.com
luke@centralohiolegal.com
*Counsel for Plaintiff*

<u>**MEMORANDUM IN SUPPORT**</u>

**A. OVERVIEW**

The Plaintiffs file this action to seek damages for the systemic and pervasive bullying committed by students towards Plaintiff John Doe at the Mechanicsburg Exempted Village School District and the administration's continued inaction towards those students. A protective order is necessary to shield their identity because the Plaintiffs seek to challenge governmental activity; the prosecution of this suit will compel them to disclose information of the utmost intimacy; and John Doe is a minor child. Accordingly, Plaintiffs hereby move this Court for a protective order permitting them to proceed in this matter using a pseudonym and prohibiting the release of their true identity.

**B. LAW AND ARGUMENT**

Generally, plaintiffs must disclose their own names and addresses in the civil complaint. *Civ. R. 10(A)*. However, courts "may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (upholding pseudonymity for school children and parents challenging religious indoctrination at a public school, "a particularity sensitive topic that could subject them to considerable harassment"). While neither the Second District nor the Ohio Supreme Court have adopted a specific test, some state courts use the Sixth Circuit's test permitting pseudonymity where the "plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings." *Doe v. Bruner*, 12 Dist. Clermont No. CA2011-07-013, 2012-Ohio-761, 6, quoting, *Doe v. Porter*, 370 F.3d at 560. The decision lies in the Court's discretion, and factors to be considered include:

1. Whether the plaintiffs seeking anonymity are suing to challenge governmental activity;

2. Whether prosecution of the suit will compel the Plaintiffs to disclose information of the utmost intimacy;

3. Whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and

4. Whether the plaintiffs are children.

*Porter* at 560; *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). Also, at issue is whether the defendants have enough information to defend the action. *Porter* at 561.

Here, several of the factors are present. First, government action is implicated in this matter. While this matter does not directly challenge governmental action, governmental action is implicated because a school district is a political subdivision which has governmental and proprietary functions. Therefore, this factor would weight in favor of protecting Plaintiffs true identity.

Second, prosecution of this matter will compel disclosure of information of the utmost intimacy. As part of this suit, Plaintiffs will likely be compelled to disclose medical records, notes, and facts that include sensitive details about their physical and mental health. Such sensitive information weights in favor of a protective order. *See, e.g., Doe I-VIII v. Sturdivant*, E.D. Mich. No. 06-10214, 2006 WL 8432896 (April 7, 2006)*; Mich. Protective & Advocacy Svs., Inc. v. Caruso*, W.D. Mich. No. 5:05-cv-128, 2006 WL 958496 (Apr. 10, 2006) (affirming protective order where minor inmates sued a correctional facility, due to concerns over possible retaliation and the sensitivity minor's medical and mental health information).

Third, Plaintiff John Doe is a minor school child. Therefore, this factor would weight in favor of protecting Plaintiffs true identity.

Fourth and finally, a protective order will not prejudice Defendants in this litigation. It is "relevant" to the analysis to consider whether a protective order will force defendants to proceed without sufficient information. *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630, 636 (6th Cir. 2005); *Doe v. Franklin County Ohio*, S.D. Ohio No. 2:13-cv-00503, 2013 WL 5311466 (Sept. 20, 2013). The Plaintiffs are not asking that their identity be concealed from the Defendants. Accordingly, a protective order will not inhibit the Defendants' ability to defend this action.

## C. CONCLUSION

Plaintiffs have a legitimate concern that the use of their true identity in this matter will result in embarrassment, retaliation, and harassment beyond that which they have already experienced. The subject of the lawsuit necessitates disclosure of sensitive personal information, such as medical and mental health records. Therefore, Plaintiffs respectively request a protective order permitting them to proceed under a pseudonym and to prevent the disclosure of their true identity by any party.

Respectfully submitted,

**/s/ Bradley N. Jeckering**
Bradley Jeckering (0092299)
D. Luke Meenach (0096286)
Jeckering & Associates, LLC
16 S. Main Street
Mechanicsburg, Ohio 43044
P: 937-896-2222
F: 614-515-4905
brad@centralohiolegal.com
luke@centralohiolegal.com
*Counsel for Plaintiff*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and accurate copy of the foregoing was served upon all named

Defendants via U.S. Mail, prepaid, on November 11, 2020.

**<u>/s/ Bradley N. Jeckering</u>**
Bradley Jeckering (0092299)
D. Luke Meenach (0096286)
