UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JANE DOE, *et al.*,

      Plaintiffs,                        Case No. 3:20-cv-458

vs.

MECHANICSBURG SCHOOL BOARD
OF EDUCATION, *et al.*,                District Judge Michael J. Newman

      Defendants.

_____

**ORDER AND ENTRY: (1) GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER (DOC. 2); (2) DIRECTING THAT THE PARTIES CONFER WITH REGARD TO THE ENTRY OF AN APPROPRIATE PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF CONFIDENTIAL INFORMATION DURING THE DISCOVERY PROCESS; AND (3) REMINDING THE PARTIES OF THE REQUIREMENTS SET FORTH IN FEDERAL RULE OF CIVIL PROCEDURE 5.2(a) REGARDING THE IDENTIFICATION OF MINORS IN COURT FILINGS**

_____

This civil case is before the Court on Plaintiffs' motion for a protective order permitting them to proceed by pseudonym. Doc. 2. Defendants Charles Hodge and Andrew C. Lawhorn filed memoranda in opposition. Docs. 10, 11. The remaining Defendants filed no opposition to Plaintiffs' motion, and the time for doing so has expired. Following the filing of opposition memoranda by Hodge and Lawhorn, Plaintiffs filed a reply. Doc. 28. Plaintiffs' motion is now ripe for review. For the following reasons, the Court grants Plaintiffs' request to litigate pseudonymously.

**I.**

Jane Doe brings this civil rights action under 42 U.S.C. § 1983 on behalf of her minor child John Doe. Doc. 1. Plaintiff alleges systemic bullying in the Mechanicsburg Exempted Village School District ("MEVSD"), including during John Doe's participation in the Mechanicsburg

youth basketball program coached by Defendants Hodge and Lawhorn. *Id.* at PageID 2-3. MEVSD is operated by Defendant Mechanicsburg School Board of Education ("MSBE"). *Id.* Defendant Danielle Prohaska is the MEVSD Superintendent, and Defendant Christy Garver is the Principal of MEVSD (MEVSD, MSBE, Prohaska, and Garver are hereinafter collectively referred to as "the Mechanicsburg School Defendants"). Doc. 1 at PageID 2–3. Defendant Michael Cantrell is the head coach of MEVSD's boys high school basketball team. *See* doc. 23 at PageID 140. Plaintiffs sue Cantrell in his official capacity. *See* doc. 1 at PageID 1.

## II.

Plaintiffs request leave to prosecute their claims pseudonymously, arguing that the sensitive nature of the allegations -- which may require the production of medical records -- and the fact that John Doe is a minor weigh in favor of shielding their identities from the public. Doc. 2 at PageID 62–63. Lawhorn and Hodge contend that Plaintiffs forfeited their privacy rights when Jane Doe informed other parents involved in the Mechanicsburg youth basketball league of the alleged bullying in a text message thread. Doc. 10 at PageID 113; doc. 11 at PageID 120.

Litigating under a pseudonym is generally disfavored. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). But a court may allow a party to proceed by pseudonym where "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The decision to grant such an exemption lies within the court's discretion. *See id.* The court's discretion is guided by the following factors: (1) whether the individuals "seeking anonymity are suing to challenge governmental activity"; (2) whether pursuit of the lawsuit "will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981)).

Factor one weighs in favor of anonymity in this case. Plaintiffs' central allegation is that the Mechanicsburg School Defendants -- a government entity -- failed to investigate allegations of, and protect John Doe from, bullying. *See* doc. 1 at PageID 16. Courts frequently grant protective orders to minors who challenge governmental conduct, *see, e.g.*, *K.G. v. Bd. of Educ. of Woodford Cnty., Ky.*, No. 5:18-cv-555, 2019 WL 4467638, at *3 (E.D. Ky. Sept. 18, 2019), and neither the Mechanicsburg School Defendants nor Hodge and Lawhorn argue to the contrary.

Factors two and four are also satisfied. Plaintiffs allege John Doe suffered numerous instances of bullying and abuse from his classmates during elementary school. Doc. 1 at PageID 9–15. John Doe recalls classmates "taunt[ed,] ma[de] fun of his name, heckle[d] him about his body shape and size, sports abilities, [and his] favorite sports team" beginning in the first grade. *Id.* at PageID 9. In third grade, John Doe allegedly entered a bathroom stall and saw the words "F*** You [John Doe]" written on the wall. *Id.* at PageID 10. John Doe claims he was mocked before his fourth-grade class until he yelled at his classmates to stop and left the classroom crying. *Id.* at PageID 11–12. He played on the Mechanicsburg youth basketball team with the same classmates who, during a practice, allegedly bullied him to the point where he "contemplated suicide." *Id.* at PageID 14. John Doe is now in middle school and is, presumably, still classmates with those who allegedly bullied him. *Id.* at PageID 4.

Public revelation of Plaintiffs' identities may invite further bullying and harassment and disrupt John Doe's education. *Cf. R.N. ex rel. R.T. v. Franklin Cmty. Sch. Corp.*, No. 1:19-cv-1922, 2019 WL 4305748, at *1–3 (S.D. Ind. Sept. 11, 2019); *Bd. of Educ. of the Highland Local Sch. Dist. v. U.S. Dep't of Educ.*, No. 2:16-cv-524, 2016 WL 4269080, at *5 (S.D. Ohio Aug. 15, 2016). Anonymity also protects minors with sensitive mental health histories. *See, e.g.*, *Mich. Prot. & Advoc. Serv., Inc. v. Caruso*, No. 5:05-cv-128, 2006 WL 958496, at *2 (W.D. Mich. Apr.

3

10, 2006). Therefore, the Court finds Plaintiffs make a sufficient showing to proceed pseudonymously.

Hodge and Lawhorn make no argument addressing any of these factors and, instead, argue -- without citation -- that the public action of a parent or guardian concerning allegations made on behalf of a minor diminish the minor's privacy interests. *See* doc. 10 at PageID 113; doc. 11 at PageID 120. That position, however, has no merit. *See R.N. ex rel. R.T.*, 2019 WL 4305748, at *3 (granting motion for a protective order even though the minor plaintiff's parents appeared on local news stations to discuss the allegations made in the complaint); *Bd. of Educ. of the Highland Local Sch. Dist.*, 2016 WL 4269080, at *5 (recognizing that identifying a minor plaintiff by his or her initials, but requiring the minor's parent or guardian to reveal their full name, would make the minor easily identifiable). As a result, no Defendant disputes that Plaintiffs' interest in anonymity outweighs the public's need to know their identities.

### III.

For foregoing reasons, Plaintiffs' motion for a protective order to proceed pseudonymously is **GRANTED**. All filings in this litigation shall refer to Plaintiffs as Jane Doe and John Doe, respectively. Plaintiffs' counsel is directed to divulge the identity of Plaintiffs to Defense counsel to the extent necessary to conduct discovery, and the Court **ORDERS** that the parties confer with regard to an appropriate protective order governing the confidentiality of information during the discovery process.[1] In addition, counsel are reminded of Rule 5.2(a)(3)'s requirement to refer to all minors named in filings by their initials.

**IT IS SO ORDERED.**

---

[1] A form protective order can be found on the Court's website at: https://www.ohsd.uscourts.gov/ohio-southern-district-forms.

Date:  __February 10, 2021__          __s/Michael J. Newman_____
                                       Michael J. Newman
                                       United States District Judge